UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN MEYERS and BILLIE JEAN
MEYERS, as parents and natural
guardians of JWM, a minor,

Case No. 6:13-cv-1555-Orl-41TBS

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

The plaintiffs, John Meyers and Billie Jean Meyers, as parents and natural guardians of JWM, a minor (hereinafter "plaintiffs"), and the defendant, the Unites States of America (hereinafter "defendant"), through their counsel of record, agree to settle this matter as follows:

1.    This action was filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671, et seq. Plaintiffs alleged that the defendant, through the National Aeronautics and Space Administration, was negligent in failing to provide adequate warnings in connection with a high power rocket launcher course offered at the agency's Educational Resource Center at Kennedy Space Center.

2.    The United States of America agrees to pay the sum of One Hundred Seventy-Five Thousand and 00/100 Dollars ($175,000.00), which sum shall be in full settlement and satisfaction of the plaintiffs' claims in this lawsuit.

1



3. Plaintiffs (for themselves and as parents of JWM), their heirs, personal representatives, executors, administrators or assigns, fully and forever release, acquit and discharge defendant, and its agencies, contractors, employees and former employees, from any and all claims, demands, and causes of action of every kind, nature or description, whether known or unknown, which plaintiffs may have had, may now have, or may hereafter discover arising out of or in connection with any event alleged in the Complaint on file in this action, including but not limited to claims and damages for pain and suffering, physical injury, lost economic income and support, past and future medical expenses, and non-economic damages.

In connection with such waiver and relinquishment, plaintiffs acknowledge they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know, with respect to the matters released herein. Nevertheless, it is the intention of plaintiffs through this agreement, and with the advice of counsel, to settle and release all such matters and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between plaintiffs and defendant arising out of or in connection with any event alleged in the Complaint on file in this action.

4. Plaintiffs (for themselves and as parents of JWM), their heirs, personal representatives, executors, administrators or assigns, further agree to reimburse, indemnify and hold harmless the defendant from and against any causes of action, liens, rights, or subrogated or contribution interests resulting from further litigation of claims by plaintiffs (for themselves and as parents of JWM), their heirs, executors, administrators or assigns against the defendant, its agencies, contractors, employees and former

employees arising out of the events alleged in the Complaint on file in this action.

5. This stipulation for compromise settlement is not, and should not be construed as, an admission of liability or fault on the part of the United States, its agencies, or employees, and defendant expressly denies any wrongdoing or liability. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6. It is agreed that the respective parties will bear their own costs, attorney's fees, and expenses. Pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement, and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount.

7. The plaintiffs will be responsible for any and all liens, including medical liens, to the extent any such liens exist.

8. Since this action involves settlement for injuries to a minor, the plaintiffs agree to obtain necessary approvals from State Court for the compromise of a minor's claim.

9. Payment of the settlement amount will be made by electronic funds transfer from the defendant in the amount of One Hundred Seventy-Five Thousand and 00/100 Dollars ($175,000.00), which will be wire transferred to the trust account of High Stack Gordon Kirby. Plaintiffs' counsel will provide the necessary banking information for the wire transfer of the settlement funds.

10. Plaintiffs agree to execute a Stipulation for Dismissal with Prejudice, pursuant to Rule 41, Fed. R. Civ. Pro., which will be filed with the Court upon receipt of the

settlement proceeds.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: _____                    _____
                                     John Meyers, as parent and natural
                                     guardian of JWM, a minor

Dated: _____                    _____
                                     Billie Jean Meyers, as parent and natural
                                     guardian of JWM, a minor

Dated: _____                    _____
                                     Michael R. Kirby
                                     High Stack Gordon Kirby
                                     525 E. Strawbridge Ave.
                                     Melbourne, Florida 32901

Dated: _____                    A. LEE BENTLEY, III
                                     United States Attorney

                           By:       _____
                                     Scott H. Park
                                     Assistant U. S. Attorney
                                     400 W. Washington Street, Suite 3100
                                     Orlando, Florida 32801